

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 2, 2019**

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE:<br>PLAZA BROADWAY, LLC<br>PLAZA BROADWAY RETAIL GROUP, LLC<br>    Debtors | Case No. 17-30247 – SGJ<br>Case No. 17-30266<br>(Substantively Consolidated)<br>(Chapter 7) |
| AREYA HOLDER AURZADA, in her capacity as CHAPTER 7 TRUSTEE of the ESTATES of PLAZA BROADWAY, LLC and PLAZA BROADWAY RETAIL GROUP, LLC<br>    Plaintiff,<br>v.<br>VAQUERO BROADWAY PARTNERS, L.P. AND VAQUERO VENTURES MANAGEMENT, LLC<br>    Defendants. | Adversary No. 18-03009 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ACCOMPANYING AGREED JUDGMENT OF DISMISSAL**

**Findings of Fact and Conclusions of Law Accompanying Final Judgment, Page 1 of 5**

Based upon the approved Compromise and Settlement Agreement of the plaintiff, Areya Holder Aurzada, in her capacity as Chapter 7 Trustee of the bankruptcy estates of Plaza Broadway, LLC ("PB") and Plaza Broadway Retail Group, LLC ("PBRG") (the "Trustee"), and the defendants Vaquero Broadway Partners, L.P. ("Vaquero") and Vaquero Ventures Management, LLC ("VVM" and collectively, with Vaquero, the "Defendants"), along with the related individuals, and the Agreed Judgment of Dismissal (the "Dismissal Judgment") entered in these proceedings, this Court issues the following Findings of Fact and Conclusions of Law

## I.    MATTERS RELIED UPON

**1.** In rendering these findings of fact and conclusions of law, this Court has considered and relied on the following:

    a.    Agreement of Trustee, the Defendants and Affiliated Individuals to these Findings of Fact and Conclusions of Law;

    b.    Judicial Notice of all pleadings filed in the PB bankruptcy case (Case No. 17-30247) (the "PB Case");

    c.    Judicial Notice of pleadings filed in PBRG bankruptcy case (Case No. 17-30266) (the "PBRG Case");

    d.    Judicial Notice of evidence adduced at any hearing in the PB Case and the PBRG Case

    e.    The Trustee's Second Amended Complaint and the exhibits attached thereto (collectively the "Complaint") (Dkt. No. 21); and

    f.    Defendants Motion to Dismiss Trustee's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) and Chapter 27 of the Texas Civil Practice

and Remedies Code and amended brief in support thereof (Dkt. Nos. 27 and 29).

## II.    FINDINGS OF FACT

1. The Defendants did not breach any provision of any agreement referenced in or related to this adversary proceeding.

2. No oral agreements of any kind exist between the Defendants and any person or entity, including agreements related to any claim asserted in the adversary proceeding.

## III.    CONCLUSIONS OF LAW

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

2. The Trustee and the Defendants consent to the entry of final orders by this Court pursuant to 28 U.S.C. §157(c)(2).

3. Venue is proper in this Court.

4. Under 11 U.S.C. §323, the Trustee is the representative of the bankruptcy estates of PB and PBRG and is the proper and only party with authority to assert any of the claims against the Defendants or insiders and affiliates (as defined in 11 U.S.C. §§101(2) and (31)) related in any way to the Property, the Leased Premises, the Lease or any facts related to matters stated in the Complaint.

5. These Findings of Fact and Conclusions of Law and the Dismissal Judgment dispose of (a) all claims between the parties and their insiders or affiliates and (b) any and all issues that arise from the Lease, the Profit-Sharing Agreement, and any alleged oral statements by the Defendants, Vaquero MG or their insiders or affiliates.

6. This Court analyzed the Complaint under the standard announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868, 77 U.S.L.W. 4387 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and pursuant to Bankruptcy Rule of Procedure 7012(b) that incorporates Fed. R. Civ. P. 12(b)(6),

7. Count Four of the Complaint, which asserts claims for breach of contract, fails to state a claim for which relief can be granted because the actions of Vaquero with respect to the property identified by the "crosshatch" on Exhibit F to the Original Lease were all authorized by the Original Lease and in compliance with the terms of the Original Lease.

8. Count Five of the Complaint, which asserts a claim for unjust enrichment failed to state a plausible claim because the Original Lease, the First Amendment, and the Second Amendment are contracts and under *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683-685 (Tex. 2000); *Transamerican Natural Gas v. Finkelstein*, 933 S.W.2d. 591, 600 (Tex. App. San Antonio 1996, writ denied), unjust enrichment cannot be asserted when a contract exists.

9. Count Six of the Complaint, which asserts claims for usury or predatory lending, fails to state a plausible claim because Vaquero, as a landlord under the Lease, is subject to mitigation obligations under Tex. Prop. Code § 91.006 and the decision of the Texas Supreme Court in *Austin Hill v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 299 (Tex. 1997). Accordingly, under *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994) and *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994) no unconditional obligation to repay amounts to Vaquero exists. The absence of an unconditional obligation to make payment to the Defendants precludes any and all claims for usury or predatory lending as is asserted in the claims contained in Count Six.

10. Count Nine of the Complaint, which seeks a claim for partnership contribution from the defendants, fails to state a claim for which relief can be granted as both the Lease and Profit-Sharing Agreement because it was not the intent of the parties to form a partnership or joint venture and there were no other agreements between the parties. Additionally, Texas Business Organization Code 152.052(b)(1) establishes that any right to share in profits alone does not create a partnership or venture.

11. The Trustee has properly exercised her business judgment in seeking authority to dismiss the remaining causes of action, with prejudice, to agree to the treatment of Defendants' asserted claim as set forth in the settlement and to enter into the mutual releases called for in the settlement.

12. None of the funds held by the Trustee, of approximately $102,000.00, are funds held in trust for the benefit of the Defendants.

13. Notwithstanding anything in these Findings of Fact or Conclusions of Law Order and the related judgment, or order granting the Joint Motion to Approve Settlement under Fed.R.Bankr.P. 9019 (jointly the "Order") to the contrary, nothing in the Order shall be construed to or interpreted to modify, contradict, limit or affect in any manner the rights of the 365H Claimants as set forth in that certain Agreed Final Order Granting Motion of Vaquero Broadway Partners L.P. for Relief from Automatic Stay and Severing Issues Related to Claims Under 11 U.S.C. §365(h) [Dkt. No. 246]; and the Order shall have no collateral estoppel effect, nor in any way prejudice any rights, interests, positions or claims, of any of the 365H Claimants or Vaquero as against each other under Texas State Law, if any, and the Order does not adjudicate or address and such direct, individual claims that are not derivative of claims settled by the Order.

###END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW###